AARON WHITE v. THE STATE.

No. 777. Decided November 23, 1910.

Rehearing Denied December 21; 1910.

1.—Assault to Rape—Continuance—Cumulative Testimony.

Where it was shown, from the record on appeal from a conviction of assault to rape, that the alleged absent testimony set out in defendant's application

for continuance was merely cumulative of an uncontradicted fact there was no error in overruling defendant's motion for new trial.

### 2.—Same—Principals—Evidence—Charge of Court—Conspiracy.

Where, upon trial of assault with intent to rape, the evidence showed that the defendant and his companions made a combined assault upon prosecutrix with intent to rape, and that they were all present and participating therein, they were all principals in the offense, and their prior acts and declarations became admissible against each one of the parties, and there was no error in the court's failure to charge on conspiracy in submitting the law governing principals. Following Cox v. State, 8 Texas Crim. App., 254, and other cases.

### 3.—Same—Evidence—General Reputation of Prosecutrix.

Upon trial of assault with intent to rape, the defendant introduced a witness who testified to the bad general reputation of prosecutrix for truth and upon cross-examination testified that she had heard the mother and sister of a codefendant speak of prosecutrix's veracity, there was no reversible error in not permitting defendant's counsel to re-examine witness to show whether she had heard other people speak of her reputation; the State not having drawn out any fact that these were the only persons defendant's witness had heard speak of prosecutrix's general reputation.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of assault with intent to rape; penalty, five years imprisonment in the penitentiary.

*L. V. Reid* and *G. E. Smith,* for appellant.—On question of refusing defendant's motion for continuance: Villareal v. State, 26 Texas, 107; Hobbs v. State, 16 Texas Crim. App., 517; Irby v. State, 25 Texas Crim. App., 203, 7 S. W. Rep., 705; Farrer v. State, 29 Texas Crim. App., 250, 15 S. W. Rep., 719; Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Shields v. State, 32 Texas Crim. Rep., 498, 23 S. W. Rep., 893; Wilson v. State, 18 Texas Crim. App., 576; Adams v. State, 19 Texas Crim. App., 1; Pinckard v. State, 13 Texas Crim. App., 468; Ninnon v. State, 17 Texas Crim. App., 650; Irvine v. State, 20 Texas Crim. App., 12.

Upon question of declarations of coconspirators: O'Quinn v. State, 55 Texas Crim. Rep., 18, 115 S. W. Rep., 39; Burk v. State, 15 Texas Crim. App., 156; Holloway v. State, 54 Texas Crim. Rep., 465, 113 S. W. Rep., 928; Parker v. State, 13 Texas Crim. App., 213; Roquemore v. State, 50 Texas Crim. Rep., 542, 99 S. W. Rep., 547.

On question of general reputation of chastity of prosecutrix: Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Shields v. State, 32 Texas Crim. Rep., 498, 23 S. W. Rep., 893.

Upon question of not permitting defendant to reexamine his witness upon question of general reputation of prosecutrix: Favors v. State, 20 Texas Crim. App., 155.

Upon question of the court's charge on principals: Caddell v. State, 44 Texas Crim. Rep., 213, 70 S. W. Rep., 91; Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Moore v. State, 44 Texas Crim. Rep., 45, 68 S. W. Rep., 279; Owens v. State,

46 S. W. Rep., 240; Pettis v. State, 58 Texas Crim. Rep., 546, 126 S. W. Rep., 869.

On question of declarations of coconspirators: Hudson v. State, 43 Texas Crim. Rep., 420, 66 S. W. Rep., 671; Felder v. State, 23 Texas Crim. App., 477, 5 S. W. Rep., 145; Chapman v. State, 45 Texas Crim. Rep., 479, 76 S. W. Rep., 477, and cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to rape Meda McDonald, and his punishment assessed at five years confinement in the penitentiary.

This is a companion case to Ross v. State, this day decided. Judge McCord, in the opinion in that case, has made rather an extended statement of the facts. Appellant was indicted for participating in the same assault upon Miss McDonald for which Ross was convicted, and the facts are, in substance, if not identically, the same in both records.

1. Appellant filed an application for continuance on account of the absence of Charles Stewart and Claude Wells. The opinion in the Ross case sufficiently disposes of the application in regard to the witness Stewart. By Wells it was expected to be shown that he was within 150 or 200 yards of the place where the prosecutrix will testify she was assaulted and at the time this is said to have occurred; that he was near enough and in such proximity that he was in sight of prosecuting witness during a part of the time she will testify that she was being assaulted as stated, and that he heard no outcry by prosecuting witness, or any unusual noise, or sounds of distress at said time and place; that said prosecuting witness will testify that she holloed on said occasion. The court qualifies the bill of exceptions as to this witness, as follows: "As to Wells' evidence he was in company with Orville Cox, the witness introduced by the State, on the night of the assault, and was with Cox during all the time the things occurred about which Cox testified. Cox spent the night with Wells on the night in question and they slept together. Cox swore he did not on said occasion hear any outcry from prosecutrix, nor any noise, unusual or otherwise, from the parties where the assault was committed, and at the instance of the State swore to the same facts defendant proposed to prove by Wells. The State accepted as true what Cox swore and no one contradicted same. Wells' testimony would have only been cumulative as to facts not denied but admitted by the State. In such state of the record I did not feel a new trial should be granted on this point. The State admitted that the noise of the assault and outcry of prosecutrix was not heard at Wells' house, on account, as I understand, of the high wind from the south, the scene of the crime being north of the house, the house being closed;

that is, its doors and windows, and of the intervening trees and timber and the distance. The State having introduced in evidence the same facts defendant wanted to prove on this phase of the case, there being no conflict on the point in issue but perfect agreement on the same, I could see no error in overruling motion for new trial on this point." The testimony of Cox does show that he was with the witness Wells and spent the night with him, and that the distance was about as stated above, between where they slept and the scene of the assault. Cox was not contradicted. The State proved these facts by Cox, and whatever the reason may have been actuating the State in proving those facts, they went before the jury uncontradicted. It occurs to us, under the record, viewed from the standpoint of the motion for a new trial, that this testimony would have been only cumulative of an uncontradicted fact. A conceded or admitted fact does not need corroboration. We are, therefore, of opinion, as explained by the court and as shown by the record, there was no error in refusing the application for continuance, in the first instance, and viewed in the light of the entire record, there was no legitimate reason for granting the motion for a new trial on this ground.

2. There was an objection raised to the introduction of certain statements made by the parties to the transaction in the absence of each other as well as to the charge of the court with reference to the law of principals. The court charged the jury in regard to this subject as follows: "All persons are principals who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons, the true criterion for determining who are principals is, did the parties act together in the commission of the offense; was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred. If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all." It is contended this charge is unauthorized, especially because there was no evidence that the assault charged was done in pursuance of a common intent or a previously formed design in which the minds of all the parties united and concurred, or that it was committed, if at all, during the existence and in the execution of a common design and intent of all. The evidence is uncontradicted that Ross, Stewart and appellant and the assaulted girl were at a party; that Ross took her there at the request of Nowlin; that she declined to go with him because her parents interdicted her associating with him. However, she did go because he informed her that Mr. Nowlin had sent him for the purpose of escorting her to the party; that he, Nowlin, was too busy to come, but that he, Nowlin, would return home with her. While at the party Ross made use of some insulting language towards her which she repelled. Ross wanted to return home with her, but she declined to go with him, whereupon

Nowlin took her home.   On leaving the party the three defendant parties got together somewhere; whether at the place of the assault or before reaching that point, it is left somewhat in doubt, but they were together and made a combined assault upon her at the place where she testifies it occurred.   This record is unencumbered with any question that either of the parties was an accomplice; that is, that they were absent from the place of assault.   They were all present and participating more or less in the matter.   The details of this have been set forth, as before stated, in the case of Ross v. State, and are unnecessary here to be repeated.   The record then unquestionably shows the presence and cooperation of the three parties in the assault upon this girl.   This made them principals, and being principals, under the rule laid down in the case of Cox v. State, 8 Texas Crim. App., 254, their prior acts and declarations became admissible against each one of the parties that their meeting at this particular point, under the circumstances, showed a common intent and purpose and an acting together.   They did not live in that direction, but lived in different directions.   It would be a remarkable statement to say that three named parties would have gotten together at a common point, unite in the execution of a common design, and yet not be there in pursuance to an understanding.   If this record demonstrates anything at all, it is that these parties were together by common design and united in the common purpose in an assault upon the prosecutrix.   The statute provides that all persons are principals who are guilty of acting together in the commission of an offense, and where an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the unlawful act; or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders, and may be prosecuted and convicted as such. In the case of Cox v. State, supra, Judge White, speaking for the court, said:   "To our minds, a great deal of the trouble, confusion and discussion with regard to conspiracy, where two or more are charged with the commission of crime, might and can be obviated by keeping in mind these statutory provisions.   If the parties can be identified at the time and place as joint participants in the commission of the crime, why the necessity of going behind that fact to establish a conspiracy to do the act already accomplished, and for which the law denounces them as principal offenders and liable to punishment as such?   Why want a better predicate, or any further evidence even of a conspiracy, if their presence and guilty participation is already established?   To us it seems too plain to admit of argument, that when two or more are found acting together with an unlawful intent in the commission of an offense, the common design and acting together makes them ipso facto conspirators—endows them

as a body with the attribute of individuality—merges the conspiracy to do the act in the act itself; and that the previous acts and declarations of each or any such principal offenders in pursuance of the agreed plan, and tending to throw light upon it or the motive or intent with which it was committed, is and should be received as legal and admissible evidence against each and all, whether indicted, prosecuted, and tried jointly or separately."

This seems to be a just, fair and correct rule, and ought not to admit of serious controversy. If this is the law, and we think it is, then the previous acts and declarations of each of the parties to this transaction were admissible against the others, and the court in giving the law with reference to principals was justified. See Loggins v. State, 12 Texas Crim. App., 65; Cook v. State, 22 Texas Crim. App., 511; Clark v. State, 28 Texas Crim. App., 189; Simms v. State, 10 Texas Crim. App., 131; Avery v. State, 10 Texas Crim. App., 199; Kennedy v. State, 19 Texas Crim. App., 618; Smith v. State, 21 Texas Crim. App., 107.

3. Bill of exceptions No. 10 recites that Mabel Turner, a witness for the appellant, testified that she was acquainted with prosecutrix' general reputation for truthfulness, and that it was bad. The State upon cross-examination having elicited from her the fact that she had heard Mrs. Ross, mother, and Mrs. Bell, sister, of Sam Ross, one of the alleged principals in the transaction, speak about the reputation of prosecutrix for veracity, counsel for appellant then asked the witness to state whether or not she had ever heard other people speak about said reputation, and what they said about it. He expected to prove by her that she had heard many other people speak about prosecuting witness' standing and reputation for truthfulness, and that such reputation among such other persons was bad. Various objections were urged to the refusal of the court to permit the answer to the question asked by appellant. The bill summarized shows that Miss Turner testified positively to the general bad reputation of Meda McDonald for truthfulness and that she had heard Mrs. Ross and Mrs. Bell state such reputation was bad. We are of opinion there is no such error in this matter as would require a reversal of the judgment. The record shows quite a number of witnesses testified to the fact that such reputation of the prosecutrix was bad. Some of them state they had heard Mrs. Ross and Mrs. Bell make statements, and some that they had not heard those ladies make such statements. It will be borne in mind that the reputation sought to be proved here was not contradictory statements, but the subject of inquiry was the general reputation, and upon cross-examination by the State the witness named these two ladies, and the inquiry was confined to the fact that these two ladies had made such statements. Ordinarily this investigation should have been permitted, but the refusal of the court to permit this inquiry as to this witness alone, the other witnesses having testified to her general reputation, can not

be regarded as error of such gravity as would either justify or require a reversal of the judgment As a general rule, the knowledge of a witness testifying may be tested in regard to general statements, and as to how far that general reputation was known, but if it is general it was of no great importance as to who were the particular parties who discussed it. It is also another general rule that wherever one party investigates a question or introduces evidence, that the party upon the other side may also introduce evidence to explain, ameliorate or extend and intensify the question as to them or him it may seem beneficial. But it will be observed here that the State did not ask if these were the only witnesses Miss Turner had heard. The question was confined to the fact that she heard them say the reputation was bad, and there the State ceased its inquiry. Had the question extended over a wider scope so it might have included others, we would have had a more serious question, but the inquiry was only as to the statements of the two parties, and did not include others. It would have been safer and more advisable for the court to have admitted the testimony. But as presented, we are of opinion that it is not of sufficient importance to require a reversal on this question alone.

For a discussion of the other questions arising on the record we refer to the opinion in the case of Ross v. State.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 21, 1910.—Reporter.]