### DEB STEWART v. THE STATE.

No. 779.   Decided December 7, 1910.

Rehearing Denied February 8, 1911.

**Assault to Rape—Charge of Court—Intent of Defendant—Abandonment.**

Where, upon trial of assault with intent to rape, the evidence showed that the defendant desisted after he had made an assault with others upon prosecutrix by force without her consent, there was no error in refusing a requested charge that if defendant had abandoned his former intent, to acquit.

Appeal from the District Court of Comanche. Tried below before the Honorable J. H. Arnold.

Appeal from a conviction of an assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*G. E. Smith* and *L. V. Ried* and *John R. Storms,* for appellant.—
On the court's refusal of defendant's requested charge on abandonment
of intent and on question of principals: Perez v. State, 94 S. W. Rep.,
1036; Cotton v. State, 52 Texas Crim. Rep., 55, 105 S. W. Rep., 185;
Mason v. State, 83 S. W. Rep., 689; Dinar v. State, 46 Texas Crim.
Rep., 402, 78 S. W. Rep., 229; Rhodes v. State, 39 Texas Crim. Rep.,
332.

*C. E. Lane,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is an appeal from a conviction for as-
sault with intent to rape obtained in the District Court of Comanche
County on May 5th of this year, in which appellant's punishment was
assessed at confinement in the penitentiary for a period of two years.

It is a companion case with that of Ross v. State and White v. State,
recently decided, and is, for the most part, in its facts identical with
these cases. The only substantial respect in which this case differs
from these cases lies in the fact that just before the prosecuting wit-
ness Meda McDonald was permitted to start home, the appellant seems
to have concluded that the attempt to assault her, or obtain her con-
sent to carnal intercourse would be unavailing, and seems to have
abandoned and to some extent repented of the outrage attempted to be
perpetrated upon her. This act and conduct, however, was at the con-
clusion of quite a struggle and after most of the offensive acts consti-
tuting the assault had been done.

In this condition of the record the appellant requested the court to
give the jury the following special charge: "You are further in-
structed as a part of the law of this case that if you should believe
from the evidence beyond a reasonable doubt that the defendant had
formed the intention at the time and occasion alleged in the indict-
ment to assault the said Meda McDonald, and to rape her, but if you
should further believe that before such assault was made, if any, the
defendant, Deb Stewart, had abandoned his former intent, if any,
then you are instructed that the defendant, Deb Stewart, would not be
guilty of the offense of assault with intent to rape." The action of the
court below in refusing to give this special instruction is based upon
the following statement made by him in a bill of exceptions taken to
his refusal to so charge the jury: "The evidence did show that de-
fendant desisted before others with him desisted, but it was shown be-
yond question that before the defendant desisted that he and those act-
ing with him had made an assault upon prosecutrix by force without
her consent. On this phase of the case there was a conflict. On the
theory of the State that such assault was made with the specific intent
to commit rape by force, and the defendant's theory traversed the
State's contention, the case was tried by the court below, and the
court, in its main charge, undertook fairly to present to the jury the
theory of the case on which it was tried by both parties." On my first

study of the case I was inclined to think there was some merit in this contention, but a further review of the record has convinced me, and it has convinced the entire court that under the authorities, as applied to the facts of this case, there is no merit in the proposition suggested by appellant. Burris v. State, 34 Texas Crim. Rep., 387; Watts v. State, 30 Texas Crim. Rep., 533; Wood v. State, 27 Texas Crim. App., 393; Peter v. State, 23 Texas Crim. App., 684; Carter v. State, 30 Texas Crim. Rep., 551.

All of the other questions arising on the appeal are fully covered in the opinions in the companion cases above named.

Finding no error in the record it is ordered that the judgment of conviction be and the same· is hereby in all things affirmed.

*Affirmed.*

### ON REHEARING.

#### February 8, 1911.

PRENDERGAST, Judge.—On December 7, 1910, this court affirmed this case, Judge Ramsey delivering the opinion. Afterwards a motion for rehearing was made, and because Judge Harper was not a member of the court at the time the original opinion was delivered, oral argument was permitted on the motion for rehearing. Still later, another change taking place in the personnel of this court, we granted a motion for a re-argument on the motion for rehearing which was heard by the full court.

We have carefully considered the full record in this case, the motion for rehearing, the previous opinion therein, and the opinion in the two companion cases of Ross and White, recently decided by this court, and have reached the conclusion that the case was properly affirmed.

The motion for rehearing is therefore overruled.

*Overruled.*