## JUNE, 1912.

### J. B. JOHNSON v. THE STATE.

No. 1849.   Decided June 5, 1912.

**Theft of Horse—Immunity—Jurisdiction—Special Plea.**

Where, upon trial of the theft of a horse, it appeared on appeal that the District Court of the county of the prosecution had exclusive jurisdiction by first obtaining jurisdiction of the offense, and that the District Court of a neighboring county had undertaken to prosecute defendant for the same offense and had promised him immunity from prosecution if he would testify against his codefendant, such an agreement if made was without authority and of no force and effect, and there was no error in the court's refusal to submit the plea of immunity to the jury. ..

Appeal from the District Court of Kaufman.   Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. G. Matthews,* for appellant.—On question of special plea of immunity:   Camron v. State, 22 S. W. Rep., 682; Hardin v. State, 12 Texas Crim. App., 186; Grisham v. State, 19 Texas Crim. App., 504; Corbett v. State, 140 S. W. Rep., 342.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of immunity:   Diseren v. State, 127 S. W. Rep., 1038; Fleming v. State, 28 Texas Crim. App., 234; Kelly v. State, 36 Texas Crim. Rep., 480; Ex parte Isbell, 48 Texas Crim. Rep., 252.

HARPER, JUDGE.—Appellant was indicted in Kaufman County, Texas, charged with the theft of a horse, tried and convicted, and his punishment assessed at two years confinement in the State penitentiary.

There is but one question raised on appeal that it will be necessary to discuss.   When the case was called for trial appellant interposed a plea, in proper form, alleging that he made an agreement with

Vol. LXVII Crim.—1.

the officials of Hunt County that he should not be prosecuted for this offense; that he had been carried before the grand jury of Hunt County, and relying on such agreement, had testified before the grand jury, and on his testimony an indictment had been returned against one Adams, charging him with the theft of this horse; that said indictment was then pending against Adams in the District Court of Hunt County, and he was ready and willing to testify in said case against Adams; that he had violated the agreement in no sense, and under this agreement he was exempt from punishment for this offense.

The evidence on this plea was heard, along with the other testimony on the trial, and after hearing the evidence the court refused to submit the plea in his charge to the jury, and this is assigned as error. If the evidence was not such as would justify and authorize a finding by the jury that a legal and enforceable agreement had been made, then there was no error in the court refusing to submit the plea in his charge; if there was, of course, it would be such an error as would require a reversal of the case.

It appears that on or about the 11th day of last November a horse was stolen from James Parkerson at a point near the county line of Kaufman and Hunt Counties; that is, so near the county line as to give jurisdiction of the offense to either or both of said counties. The sheriff of Kaufman County caused the arrest of defendant Johnson in the city of Dallas, and he was found in possession of the horse; Adams also being arrested at the same time and place in a few moments after the arrest of Johnson. A complaint was filed against both Johnson and Adams in the Justice Court of Precinct No. 1 of Kaufman County, on the 14th day of November, and they were arrested on that complaint on that day. Waiving an examining trial, they were bound over to the District Court of Kaufman County and placed in jail in that county. The grand jury of Hunt County, subsequent to the time appellant was arrested on the complaint in Kaufman County, and while he was in jail in that county, being in session, issued an attachment, directed to the sheriff of Kaufman County, commanding him to bring both appellant and Adams before that body as witnesses, and in obedience to the attachment carried them to Hunt County, when, after they had appeared before the grand jury on the same day, the sheriff carried them back to Kaufman County jail. It appears that while appellant was before the grand jury in Hunt County an agreement was entered into, as to the terms of which the witnesses are not in entire accord. The foreman and some other members of the grand jury say that there had been considerable complaint of horse stealing in Hunt County, and when appellant was before the grand jury they agreed with appellant that if he would testify in regard to the theft of this Parkerson horse, and other matters, he would not be prosecuted in Hunt County for any offense in regard to which he might testify, but they say they

informed him they could not secure him against a prosecution on the complaint then pending in Kaufman County.

Appellant and several witnesses testify that the agreement was that he was to be exempt from prosecution for this specific offense by the State. While the district attorney was not present when the agreement was made, yet it may be inferred from his testimony that, when informed of the agreement, he ratified and confirmed the agreement made by the grand jury. Appellant testifies: "In my testimony ، given before Hunt County grand jury my understanding was that they were going to turn me loose if I would tell the straight of it. There was nothing said about Kaufman County or any other county." As corroborative of the testimony of the grand jurors it was shown that appellant was carried back to the Kaufman County jail on that day, and has been in jail in that county ever since.

If it was an issue as to whether or not the agreement was in substance as testified to by the grand jurors or as testified to by appellant, of course, it would be an issue of fact, and should have been submitted to the jury for their determination. But as we view the law, if the grand jury of Hunt County promised appellant immunity from punishment for this specific offense, and the agreement was endorsed and ratified by the district attorney and district judge of that county, they were without authority to make such an agreement, as prosecution had already been commenced in Kaufman County, and appellant theretofore arrested by the officers of that county for this offense. It is true, it is the State prosecuting appellant, and the officers of Kaufman County and of Hunt County are equally representatives and agents of the State, and performing functions in the name of and by authority of the State, yet the State has provided by its laws that a court first obtaining jurisdiction of an offense has jurisdiction to the exclusion of all other courts with concurrent jurisdiction. In 1903, article 63, chapter 1, title 2, was amended to read as follows:

"The following courts have jurisdiction in criminal actions: (1) The Court of Criminal Appeals. (2) The District Courts. (3) The County Courts. (4) The Justice Courts, and the mayor's and other courts of incorporated cities and towns; provided, that when two or more courts have concurrent jurisdiction of any offense against the penal laws of this State the court in which an indictment or a complaint shall first be filed shall retain jurisdiction of said offense to the exclusion of all other courts."

It appearing that the District Court of Kaufman County had acquired jurisdiction of this offense on the 14th day of November, it had exclusive jurisdiction of the offense, and had the State undertaken to prosecute appellant in the District Court of Hunt County for this offense, he could have plead the pendency of this prosecution in bar of a prosecution in Hunt County. (Pearce v. State, 50 Texas Crim. Rep., 507.) And if the District Court of Hunt County had

no jurisdiction of the offense at the time the agreement was made, as is manifest by the record, then the agreement, whatever it may have been, was made by a court without authority and in regard to an offense of which another court had exclusive jurisdiction, and is of no force and effect, and the court in Kaufman County did not err in refusing to submit the plea. For other authorities so holding see In re Beavers, 125 Fed. Rep., 988; State v. Riley, 109 Minn., 437; Taylor v. Taintor, 16 Wall., 370; Matter of Briscoe, 51 How. Prac., 422; Matter of Troutman, 24 N. J. Law, 634. The terms and proper construction of this statute are so fully discussed, and the probable reasons for its enactment are so fully stated in the opinion of Judge Davidson in the Pearce case, supra, we do not deem it necessary to do so here, but we might say that none of the evidence given by appellant before the grand jury in Hunt County was adduced on this trial, as it should not have been. If it had been, we would feel inclined to hold that evidence adduced under such circumstances would be inadmissible.

The judgment is affirmed.

*Affirmed.*