## MAGRUDER TAFF v. STATE.

### No. 2285.   Decided March 5, 1913.

### Rehearing denied April 2, 1913.

**1.—Assault to Rape—Sufficiency of the Evidence—Alibi—Charge of Court— Specific Intent—Woman of Loose Virtue.**

Where, upon trial of assault to rape, the evidence was sufficient to sustain the conviction, and the court fully instructed the jury on the issue of alibi raised by the evidence and submitted defendant's special instructions on specific intent to rape, there was no error in refusing other special charges on the same subject, and the contention that prosecutrix was a woman of loose virtue was no defense, and there was no error.

**2.—Same—Charge of Court—Attempt to Rape.**

Where, upon trial of assault to rape, the evidence did not raise the issue of an attempt to rape, there was no error in refusing a special charge thereon.

**3.—Same—Evidence—Other Testimony Showing Same Fact.**

Where the evidence was admissible under the qualifications of the bills of exception; there was no error; besides, the same facts were shown on cross-examination and by other witnesses.

**4.—Same—Former Conviction—Lower Degree of Offense.**

Where, upon appeal from a conviction of assault to rape, it appeared from the record that the defendant pleaded guilty to aggravated assault on an information filed in the County Court for the same transaction under a fraudulent effort to oust the jurisdiction of the District Court of the case there pending for assault with intent to rape, the court properly struck out said plea.

This was specially authorized under Article 63, Code Criminal Procedure, as amended.

**5.—Same—Case Stated—Jurisdiction—County Attorney.**

Where defendant was indicted in the District Court for assault with intent to rape and convicted and appealed therefrom to this court, and pending such appeal, by agreement with the county attorney, pleaded guilty, on an agreed statement of facts, to an aggravated assault upon an information filed in the County Court, the jurisdiction of the District Court was thereby not ousted and the county attorney had no authority to make such agreement under Article 63, Code Criminal Procedure, as amended. Following Johnson v. State, 148 S. W. Rep., 300.

Appeal from the District Court of Lee. Tried below before the Hon. Ed. R. Sinks.

Appeal from a conviction of assault with intent to rape; penalty, three years imprisonment in the penitentiary.

The opinion states the case. See 65 Texas Crim. Rep., 80.

*E. T. Simmang,* for appellant.—On the question of plea of former conviction: Pearce v. State, 50 Texas Crim. Rep., 507; 98 S. W. Rep., 861; Grisham v. State, 19 Texas Crim. App., 504; Schindler v. State, 15 id., 394; Quitzow v. State, 1 Texas Crim. App., 52; Pascal v. State, 49 Texas Crim. Rep., 111; Corbett v. State, 63 id., 478; Johnson v. State, 64 id., 416; Herera v. State, 35 id., 607; Moore v. State, 33 id., 166; Homer v. State, 65 S. W. Rep., 371.

On question of attempt to rape: Ford v. State, 41 Texas Crim. Rep., 270; Holloway v. State, 54 Texas Crim. Rep., 465; Milton v. State, 23 Texas Crim. App., 204; Robinson v. State, 60 Texas Crim. Rep., 592; 132 S. W. Rep., 944.

On question of insufficiency of the evidence: Scott v. State, 51 Texas Crim. Rep., 5; Cotton v. State, 52 id., 55; Porter v. State, 33 Texas Crim. Rep., 385; Cromeans v. State, 59 id., 611; Wood v. State, 61 S. W. Rep., 308; Eiley v. State, 55 Texas Crim. Rep., 1; Dina v. State, 46 id., 402; Carson v. State, 24 S. W. Rep., 409; Fields v. State, 24 S. W. Rep., 907; Hancock v. State, 47 S. W. Rep., 465; Ross v. State, 78 S. W. Rep., 503; Collins v. State, 52 Texas Crim. Rep., 455; Caddell v. State, 44 id., 213; Sirmons v. State, 44 id., 488; Warren v. State, 51 id., 598; Marthall v. State, 34 id., 22; Mathews v. State, 34 id., 479; Dockery v. State, 35 id., 487; Ellenberg v. State, 36 id., 139; Clark v. State, 39 id., 152; Saddler v. State, 12 Texas Crim. App., 194; Peterson v. State, 14 id., 162; Thomas v. State, 16 id., 535; Jones v. State, 18 id., 485; Passmore v. State, 29 id., 241; Curry v. State, 4 id., 574; Sanford v. State, 12 id., 196; O'Brien v. State, 40 S. W. Rep., 969; Coffee v. State, 76 S. W. Rep., 761; Milton v. State, 23 Texas Crim. Rep., 204.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of plea of former conviction: Schindler v. State, 15 Texas

Crim. App., 394; Williams v. State, 20 id., 357; Rain v. State, 16 id., 282; Vaughn v. State, 32 Texas Crim. Rep., 407.

HARPER, JUDGE.—Appellant was convicted of assault with intent to commit the offense of rape, and his punishment assessed at three years confinement in the penitentiary.

The facts would show the prosecuting witness, Miss Selma Franke, was living with her mother at the crossing of two public roads; that Messrs. Lucas, Hoffman and Schkate lived near to her mother's home. On the night in question Miss Selma says some one appeared at their home and knocked on the door, and then tried to push the door open; when she would not admit him, he left, but shortly returned and came to a window, and asked Miss Selma to come out, offering her from five to ten dollars to do so. That she asked him to leave, and he agreed to do so if she would give him some bread and butter, which she did. He left, but again came back and asked for water, and when she gave it to him, and after he had drank the water, he undertook to raise the window; as he did so, she endeavored to prevent the window being raised, when appellant caught her by the wrist and pulled her towards him. She then discovered, for the first time, that her assailant was a negro, when she screamed, jerking away from appellant. He left, and shortly after she screamed Messrs. Hoffman and Lucas came, when she told them of the transaction.

Appellant denies that he was the person who went to the prosecuting witness' house, and denies any knowledge of the matter, and says he is not the person who caught her by the hand and pulled her to him.

It is sufficient to say that the evidence justified the jury in finding that appellant was the person who went to the home of Mrs. Franke and made the assault on her daughter. As appellant's testimony raised the issue of an alibi, the court fully instructed the jury in regard to that issue, and appellant does not complain of the charge in that respect. In addition to fully instructing the jury as to the elements of an assault to rape, the court also gave the following special charge, requested by appellant: "You are instructed that every assault committed by an adult person upon the person of a female does not constitute the offense of an assault with the intent to commit rape, but in order to make the offense an assault to rape the defendant must commit an assault upon the female with the specific intent to have intercourse with her by force and without her consent. An assault upon a woman with intent to have improper intercourse with her but without the use of force and without the consent of the woman does not constitute the offense of assault to rape, no matter how offensive the defendant's acts may be or how aggravated the circumstances. Now if you believe from the evidence that the defendant committed an assault upon Selma Franke, if you believe any assault was committed by the defendant and that at the time he com-

mitted the assault he intended to have carnal intercourse with Selma Franke provided the said Selma Franke would submit to him and that he did not intend to have carnal intercourse with the said Selma Franke without her consent and by force or against her will, then you are instructed that under the law the defendant would not be guilty of the offense of assault to rape, and if you so believe it becomes your duty under your oaths to find the defendant not guilty of the offense of assault to rape.'' And having given this charge, there was no need or necessity to give special charge No. 3, requested.

Even, if as contended by appellant, the prosecutrix was a woman of loose virtue, she would have the right to sell her person to whom she pleased; and being a white woman, even if she was guilty of having carnal knowledge with white men, this would not imply that she was also willing to sell her person to negroes, and she would have the right to object to approaches from that race, and no person, when she objected, would have the right to undertake to possess himself of her person by force and have carnal knowledge of her without her consent. And the court in his main charge and in the special charge given at the request of appellant, fully instructs the jury that if appellant did not intend to have carnal knowledge of the prosecutrix without her consent and by force, he could not be convicted of assault with intent to rape. The jury found against this contention, and we think the facts justify them in so finding.

The other special instruction in which appellant requested the court to instruct the jury that the facts in the case constituted, if any offense, ''an attempt to rape'' and not ''assault to rape'' as charged, should not have been given. The evidence in this case, if it shows anything, shows that an assault was made by appellant on prosecutrix, therefore, he was properly indicted for an assault to rape. An ''attempt to rape'' can be committed without an assault being made on the person of the alleged injured female, but an assault to rape an assault on the person is one of the constituent elements. The assault can be made in any of the ways defined by the Code.

The testimony of the witnesses Lucas and Hoffman was admissible under the qualifications of the bills as made by the court. But in no event could it have been hurtful, for the same facts are developed by defendant in cross-examination and direct examination of witnesses.

The only other ground in the motion for new trial that needs to be discussed is the one which complains of the court striking out his plea of former jeopardy, or conviction of an aggravated assault. It appears that appellant was indicted by the grand jury on October 11, 1911, charged with assault with intent to rape—the indictment under which he was convicted in this case. That he was arrested on said indictment, tried and convicted at that term of court of assault to rape. He appealed his case to this court, and on January 31, 1912, this court reversed and remanded the cause to the District Court; that appellant was under bond to appear at the next term of the

District Court for trial. That after the case was reversed, the record shows that on the 6th day of April, 1912, his half-brother, Thomas Taff, filed a complaint against him, charging him with an aggravated assault, it being for the same transaction for which an indictment was then pending against him in the District Court in which he was charged with an assault to rape, and for which offense he had been convicted, but which judgment was reversed; that the county attorney, based on this complaint, filed an information in the County Court, when on an agreed statement of facts the cause was submitted to the county judge, without a jury, and appellant was adjudged guilty of an aggravated assault, and his punishment assessed at a fine of $25. Appellant, when the case was called in the District Court subsequently, on the 29th of April, filed his plea, alleging this conviction for aggravated assault as a bar to further prosecution herein under the indictment in the District Court. The court heard evidence on this plea and sustained the motion of the district attorney striking out this plea, and to this action of the court appellant excepted, and brings this question to us for review. In a great many cases, even before the amendment to Article 63 of the Code of Criminal Procedure in 1903, it was held that where an indictment or information was pending against one charging him with crime, his voluntary appearance in another court and entering a plea to a lesser offense, would be a fraud upon the jurisdiction of the court in which the case was first pending, and would not be a bar to further prosecution of the offense in the court in which it was first filed. If the allegations contained in the motion of the district attorney to strike the plea from the record in this case was sustained, it would clearly show a fraudulent effort to oust the jurisdiction of the District Court of an offense then pending in said court and of which he had been convicted—an offense of which the county court had no jurisdiction. The statement of facts filed in connection with said plea does not show that he was ever arrested on the complaint and information charging him with aggravated assault in the county court, but does show, "That defendant appeared in person and by counsel; a jury was waived, and the matters in controversy were submitted to the court *upon an agreed statement of facts*," this clearly evidencing to our minds that the complaint and information were filed with the knowledge, consent and connivance of defendant, and this is borne out when we find the complaint was filed by his half-brother, Thomas Taff. Under all the decisions rendered by this court, when the evidence discloses that the prosecution in the latter court for a lesser degree of the offense, or lesser offense, is not a bona fide prosecution for such offense, but is but an effort made to bar a prosecution for a higher grade of offense or degree of offense, then pending in another court, had and secured with the connivance and consent of appellant, it would be a legal fraud and does not bar a prosecution for the offense for which he

was first arrested, and which was pending at the time of the institution of the latter.

But since the rendition of this line of decisions, the Legislature in 1903 amended Article 63 and provided, "That when two or more courts have concurrent jurisdiction of any offense against the penal laws of this State, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction of said offense *to the exclusion of all other courts.*" Thus, so far as it lay in the power of the law-making body protecting the defendant from having a multiplicity of complaints or indictments filed against him for the same offense in different courts, and also prohibiting these efforts being made to bar a prosecution for a higher grade of offense, after indictment found, by having a court of inferior jurisdiction take cognizance of the case and adjudge such person guilty of a lesser degree of offense than that charged in the indictment first filed. Whenever the record suggests collusion, as does the record in this case, the latter will not bar a prosecution under the indictment first filed.

We are not discussing a case where two prosecutions are pending, and where one is arrested and brought to trial on the second case filed without his connivance or consent, and where at the time of trial enters his protest, and yet notwithstanding such protest he is against his will and consent forced to stand trial. Such a case is not now before us. Every person is presumed to know the law, and his acts must be viewed from the standpoint that he possessed this knowledge, and a fraud can not be practiced upon the jurisdiction of the District Court of Lee County, although same was attempted to be done with the connivance of the county officers. It is true, the county attorney is the representative of the State, but he has only such authority as is delegated to him by the laws of the State, and in instances of this character the law has deprived him of authority to act, or if he does presume to act, he acts beyond the scope of authority conferred on him. As illustrative of the question: If one was indicted for murder, and the District Court had obtained jurisdiction not only of the offense but also the person of a defendant, the law saying that the court first obtaining jurisdiction shall retain jurisdiction to the exclusion of all others, he would not be permitted to agree with the defendant upon a statement of facts which would only show aggravated assault, and go into court and submit that statement and have a person adjudged guilty of aggravated assault in the county court, and thus bar the prosecution for murder. Such a doctrine would be monstrous, and can not and will not be upheld by this court. The county attorney in such instance would not be acting within the scope of the power delegated to him, and he could not bind his principal, the State of Texas. We discussed the construction of this statute at some length in the case of Johnson v. State, 67 Texas Crim. Rep., 95, 148 S. W. Rep., 300, and there cite the authorities, and do not deem it necessary to do so again. The Legislature, under the

provisions of our Constitution, had the right to enact this law, and under its provisions and the facts of this case the trial court did not err in the matter

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 2, 1913.—Reporter.]

