JESS FLATT v. THE STATE.

No. 14037.    Delivered March 4, 1931.

The opinion states the case.

*J. K. Russell,* of Cleburne, for appellant.

*Penn. J. Jackson,* Co. Atty., of Cleburne, and *Lloyd W. Davidson,* State's Attorney of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of one hundred dollars and confinement in jail for four months.

The testimony is identical with that adduced in the case of W. M. Flatt v. The State, 117 Texas Crim. Rep., 5, 36 S. W. (2d) 517, this day delivered. A jury was waived and the case submitted to the court.

Appellant brings forward one bill of exception in which he complains of the argument of the county attorney. It appears that the county attorney, in submitting the case to the court, used language as follows: "The court knows that if the prosecuting witness, Frank Hamlin had taken a shotgun and killed Jess Flatt for being a married man and attempting to go with his daughter that you could hardly find a jury in Johnson County that would convict him for it."

It further appears from the bill that the county attorney stated in

argument that if appellant should be found not guilty of aggravated assault he could go back over to Venus and "do the same thing over that he has done in this case." Appellant objected to the argument on the ground that it was not a reasonable deduction from the testimony, was prejudicial and inflammatory, and served no other purpose than to inflame the mind of the court against him. The objection was overruled. The argument was improper. However, the testimony showing appellant's guilt was uncontroverted. We find nothing in the penalty assessed, under the facts, that would lead us to believe that the learned trial judge was influenced by the improper argument. Hence we would not feel warranted in ordering a reversal.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., not sitting.