W. M. Flatt v. The State.

No. 14038. Delivered March 4, 1931.

The opinion states the case.

*J. K. Russell,* of Cleburne, for appellant.

*Penn. J. Jackson,* Co. Atty., of Cleburne, and *Lloyd W. Davidson,* State's Attorney of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of one hundred dollars and confinement in jail for four months.

Jess Flatt, the brother of appellant, was a married man. He had gone with some parties to the home of Frank Hamlin, where he was introduced as George Wakefield, Hamlin being advised at the time that he (Jess Flatt) was a single man. Hamlin had a young daughter. After being introduced into Hamlin's home appellant began going with the daughter. Hamlin discovered that Jess Flatt was a married man and had several children. Upon learning such fact he warned Jess Flatt not to go with his daughter any more. A quarrel ensued but no blows were struck. Sometime later Jess Flatt and appellant armed themselves with a baseball bat and a hoe handle and approached Hamlin while he was talking to some parties upon the sidewalk. Appellant walked up behind Hamlin and struck him two or three times with the heavy baseball bat, knocking him to the sidewalk. He then got on top of Hamlin, chewed his ears and gouged his fingers in his eyes, almost putting them out. Jess Flatt stood nearby with a hoe handle and kept the crowd back. He said: "Stand back. This is our fight. Let him kill the s-of-a-b-." Appellant testified that he did not know about the previous trouble between Hamlin and his brother Jess Flatt; that his brother came to him and told him that Hamlin had called him a s-of-a-b-; that he and his brother got in a car and went to town for the purpose of whipping Hamlin. Appellant did not deny making the assault.

The State proved by the witness Hamlin that after learning that Jess Flatt was married he had warned him to quit going with his daughter. The witness also testified that Jess Flatt cursed him at the time. Appellant objected to the testimony on the ground that it was hearsay. It is certified in the bill of exception that appellant was not present. We think the objection was properly overruled. Appellant and Jess Flatt were present and acting together with unlawful intent in the commission of the offense. The testimony touching the previous trouble between Jess Flatt and Hamlin shed light upon the motive and intent with which the offense was committed. We quote the rule laid down in Branch's Annotated Penal Code, section 694, as follows: "When the parties were present and acting together with unlawful intent in the commission of the offense, proof of the acts or declarations of either done or made prior to the termination of the conspiracy or the commission of the offense is admissible if it throws light upon the offense or the motive or intent with which it was committed, under the doctrine of principals and without reference to a conspiracy, although

such acts or declarations were not in furtherance of any conspiracy and were done or made in the absence of the defendant on trial." See Cox v. State, 8 Texas Crim. App., 254, 34 Am. Rep., 746; Smith v. State, 48 Texas Crim. Rep., 241, 89 S. W., 817; White v. State, 60 Texas Crim. Rep., 559, 132 S. W., 790.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., not sitting.