## STUDDERT v. GUARDIAN TRUST CO.
### No. 1600—5986.

Commission of Appeals of Texas, Section A. Dec. 22, 1932.

Andrews, Streetman, Logue & Mobley, J. L. Lockett, Robert H. Kelley, and Sam Streetman, all of Houston, for plaintiff in error.

Baker, Botts, Andrews & Wharton, Palmer Hutcheson, and S. H. German, all of Houston, for defendant in error.

CRITZ, J.

This suit was filed in the district court of Harris county, Tex., by James H. Studdert against Guardian Trust Company, independent executor and trustee under the will of H. Hamilton, deceased, to recover a sum of money alleged to have been received and held in trust for Studdert by the deceased. The trust company denied the trust, and claimed the benefit of the four-year statute of limitation. The case was tried before a jury, and resulted in a judgment for Studdert. On appeal by the trust company, the Court of Civil Appeals at Beaumont reversed the judgment of the district court, and rendered judgment for the trust company. 36 S.W.(2d) 578. Studdert brings error.

On August 17, 1907, Studdert executed and delivered to Hamilton a promissory note for the principal sum of $26,250, due five years after date, and bearing 6 per cent. interest. This note recited that it was given in pay-

ment of 150 shares of stock of Houston Ice & Brewing Company, bought by Studdert from Hamilton on such date. The note also recited that the stock was attached to secure its payment, and that the dividends earned by such stock should be payable to Hamilton and credited on the note.

On the same date the note was executed, and as a part of the same transaction and contract, Hamilton executed and delivered to Studdert an instrument in writing which, in substance, recited that Hamilton had sold Studdert, his faithful employee and true friend, 150 shares of stock in the above company, at $175 per share, $26,250, as evidenced by the above note. This instrument then contained the following stipulation:

"I hand this to Mr. Studdert to witness my acknowledgment that I hold his note; and my agreement that I require that all dividends that may be paid upon the said 150 shares of stock shall be paid to me for the full five years unless the dividends should sooner liquidate the amount of his note; and to further witness my agreement that I look to the dividends upon the stock to pay out the note and if the same is not paid by the dividends within 5 years then in that event Mr. Studdert may pay me the balance that may remain due at the end of the 5 years, or maturity of the note, in cash or Mr. Studdert may surrender the stock to me and I will accept the same in full payment of the note and surrender the said note to Mr. Studdert cancelled and receipted in full, just as Mr. Studdert may elect.

"I further acknowledge that to the note of Mr. Studdert herein mentioned there is attached certificates of the stock of the Houston Ice & Brewing Company for one hundred and fifty shares."

After the completion of the above transactions, and up to August 20, 1914, Hamilton collected all the dividends on the above stock. Also during the time between the execution of the contract and the 19th day of October, 1914, the stock in question was delivered to Studdert in several installments.

On or about August 20, 1914, Hamilton surrendered the above note to Studdert with the statement on the back thereof showing that the dividends collected and retained by Hamilton had paid the note in full, and left a balance due by Hamilton to Studdert of $11,582.-91. This statement, after setting out the various items of charges and credits, contains these words: "Balance due Studdert, $11,582.-91."

Also the jury found that during the above period Hamilton paid Studdert in cash in addition to the sums applied to the payment of the principal and interest of such note the sum of $9,150.

The jury further found on probative evidence that Studdert accepted the figures in-

dorsed on the back of the note as a true and correct statement of the amount he claimed to be due him by Hamilton.

For further statement of this case, we refer to and adopt the one contained in the opinion of the Court of Civil Appeals which is reported at 36 S.W.(2d) 578.

The trust company contends that, since the contract between Hamilton and Studdert, which consists of the note and agreement above mentioned, is utterly unilateral, in that Studdert is not bound in any manner, and is still executory as to any balance due Studdert, it is void and unenforceable. We do not decide this question, as we sustain the trust company's plea of limitation, as will later appear.

Studdert contends that the original contract between him and Hamilton created a trust wherein Hamilton was constituted trustee to collect the dividends on the stock in question and apply same on his note, and that such trust did not terminate as to any balance remaining until demand was made therefor. On the other hand, the trust company contends that, when Hamilton tendered to Studdert the settlement of 1914 canceling the note and surrendering the stock under the facts and circumstances above shown, any trust relation theretofore existing between Hamilton and Studdert terminated, and the relation of debtor and creditor began. The trust company then contends that any claim Studdert had against Hamilton was barred by the four-year statute of limitation at the time of Hamilton's death about eight years later. The Court of Civil Appeals sustained these contentions of the trust company.

We have read and carefully considered the holding of the Court of Civil Appeals touching this matter, and, in our opinion, such holding is correct. We therefore approve that part of the opinion of the Court of Civil Appeals. No good purpose can be served by further discussion by us.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.