[L. A. No. 4944.   Department Two.—May 29, 1919.]

C. J. MILLIRON, Plaintiff and Respondent, v. ·F. G.
DITTMAN, Defendant and Respondent: T. H.
O'NEILL et al., Defendants and Appellants.

[1] SURETIES—LIMITATION OF LIABILITY—EXCEPTION—PUBLIC BONDS.—
The general rule that the liability of sureties cannot be extended
beyond the fair import of the express undertaking in the bond has
an exception in the case of bonds given in pursuance of a govern-
mental law for a public purpose.

[2] ID.—EXCEPTION—WHEN INAPPLICABLE.—Such exception to the gen-
eral rule has no application where its undoubted effect would be
to impose a liability necessarily and absolutely inconsistent with
the unequivocal intent of the parties as disclosed by the express
terms of the bond itself.

[3] ID.—NEGLIGENT OPERATION OF JITNEY BUS—INJURY TO PASSENGER
—PLEADING — PARTIES — JOINDER OF INDEMNITY COMPANY AS DE-
FENDANT.—In an action for personal injuries arising out of the
negligent operation of a jitney bus in which plaintiff was riding as
a passenger, the casualty company on the indemnity bond of the
operator of the bus, was properly joined as a party defendant,

notwithstanding the bond, which was executed pursuant to the requirements of a city ordinance, did not expressly obligate the company to pay to injured third persons such sums as they might be entitled to recover as damages from the negligent operation of the bus.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

V. J. Cobb and Chas. L. Evans for Appellants.

Ward Chapman and H. J. Fish for Respondent.

LENNON, J.—This is an appeal from a judgment in favor of the plaintiff and against two of the defendants, O'Neill and Pacific Coast Casualty Company, in an action for personal injuries alleged to have been caused the plaintiff by the negligence of O'Neill. The negligence charged arose out of the operation by O'Neill of a jitney bus in which the plaintiff Milliron was riding as a passenger on July 8, 1915.

The Casualty Company was joined as a defendant in the action, because it had executed upon the application of the defendant O'Neill an indemnity bond pursuant to the requirements of an ordinance of the city of Los Angeles. This ordinance made it unlawful to operate a motor bus unless there should be given and kept on file in the office of the city clerk, and in full force and effect at all times during the operation of such bus, a good and sufficient bond or policy of insurance. The ordinance provided that this bond or policy of insurance should be conditioned for the payment of various specified sums of money for injury to or the death of one or more persons and for damage done to the property of others resulting from the operation of such motor bus. The ordinance further provided that "said bond or policy of insurance shall be conditioned that said bond or policy of insurance shall inure to and be for the benefit and protection of anyone who shall sustain any damage or injury, or to the heirs . . . of any such person who may be so damaged or injured or suffer death by reason of negligence or misconduct on the part of the driver or operator of any motor bus operated under any such permit or from the defective construction thereof. Such bond or policy of in-

surance shall be a continuing liability notwithstanding any action or recovery thereon. Said bond or policy of insurance shall also be conditioned that payments required to be made thereunder shall be made in case of injury or damage, directly to the insured or damaged person or his duly authorized representative."

The bond in question, although covenanting to pay directly to the insured such sums as might be adjudged against him as damages for injuries resulting from the operation of his motor bus, did not expressly obligate the defendant company to pay to injured third persons such sums as they might be entitled to recover as damages for injuries resulting from the negligent operation of the motor bus. The bond in question, however, did provide that "in the event of a final judgment covering any loss or claim under this policy is rendered against the assured, the company guarantees the payment of said judgment direct to the plaintiff securing such judgment, provided that any action by the said plaintiff to recover under this clause is commenced within twelve months next after such final judgment shall have been rendered." The trial court read into the bond the provision of the ordinance requiring the bond to be conditioned for its payments "directly to the . . . damaged person or his duly authorized representative." Accordingly, it was held that the Casualty Company was properly joined as a defendant in the action and was liable to the plaintiff upon the bond. This holding is asserted to be error upon the theory that the liability of the defendant company could not be extended beyond the express words of the bond nor measured by anything outside of the bond.

[1] It is true, as the appellants contend, that the general rule is to the effect that the liability of sureties cannot be extended beyond the fair import of the express undertaking in the bond. There is, however, an exception to this general rule in the case of bonds given in pursuance of a governmental law for a public purpose. The exception is clearly and concisely stated in the case of *State* v. *Nutter*, 44 W. Va. 385, [30 S. E. 67], where it is said: "The law in force at the date of a public bond, fixing a certain condition for it saying what its obligations shall be, is a part of it as effectually as if such obligations were in words inserted in it. . . . By signing, the parties adopt the law as a part of the bond.

If we do not so hold, we frustrate the plain purpose of the statute.'' To the same effect are *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549, [134 S. W. 951]; *State* v. *McGuire,* 46 W. Va. 328, [76 Am. St. Rep. 822, 33 S. E. 313]; *State* v. *Wotring,* 56 W. Va. 394, [49 S. E. 365], and *Macready* v. *Schenck,* 41 La. Ann. 456, [6 South. 517].

[2] Of course this exception to the general rule would have no application where its undoubted effect would be to impose a liability necessarily and absolutely inconsistent with the unequivocal intent of the parties as disclosed by the express terms of the bond itself. (*Graeter* v. *De Wolf,* 112 Ind. 1, [13 N. E. 111].) There is no provision, however, in the bond in question which expressly excludes a direct right of recourse by the injured party against the bonding company. Moreover, the bond as it read at the date of the accident was a contract made not only for the protection of the operator of the motor bus, but also directly for the benefit of injured passengers, in so far as it expressly promised to pay directly to an injured party any amount for which the operator of the bus might be adjudged liable. [3] To read the statutory requirement into the bond, while it accords to the plaintiff the privilege of joining the Casualty Company in a suit against the operator of the bus, introduces no necessary inconsistency into the contract and leaves the substantial rights of the parties unimpaired. The only ground upon which it is suggested that the rights of the defendants might be injuriously affected is that a jury might be expected to return a larger verdict for the plaintiff in a suit in which the Casualty Company appears as a party defendant, because they would necessarily know that the operator of the bus, whose act actually caused the injury, was insured. The jury would presumably know in any event that the operator was insured, since the law requiring the filing of the bond was one of which all persons would be presumed to have knowledge. Nor can we doubt that the Casualty Company must be presumed to have taken the knowledge of the jury into account in fixing its charges for executing a bond or policy of insurance issued in assumed pursuance of an ordinance unequivocally prescribing that the bond should be enforceable in favor of the persons injured by the act of the operator of the motor bus.

It is not claimed that the judgment appealed from is erroneous as to the defendant O'Neill if it is to be sustained as to the defendant Casualty Company.   The foregoing discussion disposes, therefore, of all of the issues presented in the case.

The judgment appealed from is affirmed.

Wilbur, J., and Melvin, J., concurred.