## C. B. BLAND V. THE STATE.

No. 17767.   Delivered November 27, 1935.
Rehearing Denied January 29, 1936.

The opinion states the case.

*L. G. Matthews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery and his punishment was assessed at confinement in the penitentiary for a term of five years.

The first contention made by appellant is that the court erred in declining to submit to the jury his requested special instruction to return a verdict of not guilty because the evidence was insufficient to warrant his conviction. By reason of this contention we deem it important to state the salient incriminative facts adduced by the State.

On the afternoon of January 13, 1935, about the time it began to get dark, the appellant, Merl Brandt, Price Clements and Irick Vaughn were seen together leaving Plainview in an automobile. Just before leaving they left one car parked alongside of a street near Price's home. At about 9:30 P. M. when Mr. W. S. Rexrode and his family were returning to their home from church they were held up by two men, who had their faces covered with handkerchiefs, and robbed them. They obtained from W. S. Rexrode twenty dollars and from his son, Jewel, two twenty and four one-dollar bills. After they had secured this money the two men went down the road towards an automobile that was parked about 175 yards from the scene of the alleged robbery, the motor of which started running before the robbers reached it. They entered said car and hurriedly drove away, in the direction of Plainview. The robbery took place at a gate which was the entrance to the victims' home and after W. S. Rexrode had gotten out of the car to open the gate to permit his son, Jewel, to drive in two robbers suddenly emerged from the weeds in the barrow pit, fired a gun and commanded them to face the car and put their hands on the top of it, which they did without much delay or hesitation. At about 11:30 P. M. on said night appellant entered the restaurant of J. C. Edmondson at Plainview, made a purchase and paid for it with a twenty-dollar bill. About thirty or forty minutes prior thereto he drove up to the St. Clair Filling Station in said town and purchased some gas and oil for which he paid with a twenty-dollar bill.

The appellant did not testify in his own behalf but he introduced a number of witnesses by whom he proved an alibi. He also proved by his mother, who lived quite a distance from Plainview, that on the afternoon of the 13th day of January, 1935, she gave to the appellant two twenty-dollar bills with the instruction that he pay her doctor bill and purchase some tires for the car. The next day appellant was arrested by the sheriff and while in the sheriff's office Mr. Rexrode and his son Jewel

identified appellant by his voice and general appearance, although they had never heard his voice or seen him prior to the time of the alleged robbery.

It is a universally recognized and admitted fact that the voice, as well as the physical appearance of persons, is a means by which identification is made possible. There seems to be no more similarity in the voice of different people than there is in their physical appearance. A definite impression of the one is made upon the mind through the medium of the sense of hearing while the impression of the other is made on the mind through the medium of the sense of sight. One may be more accurate than the other, depending on the acuteness of the senses. The oftener one hears a voice the more definite, accurate and lasting the impression, and this is true with observations of the physical appearance of persons. Therefore, testimony relating to the identity of the voice is competent. The probative value thereof is a question of fact for the jury trying the case. The fact that appellant, Brandt, Clements, and Vaughn were together in the town of Plainview on Sunday afternoon, that they parked one car near the home of Mr. Price and all four left in another car about dark, that the telephone wire leading to the telephone in Rexrode's home was cut, that the robbery took place at the gate leading into the Rexrode home in Floyd County about ten or twelve miles from Plainview, that about 10:50 or 11:00 P. M. appellant purchased gas and oil at the St. Clair Filling Station and paid for it with a twenty-dollar bill, that at about 11:30 P. M. he exchanged a twenty-dollar bill at Edmondson's restaurant, together with the fact that he was identified by his voice and general appearance by both Mr. W. S. Rexrode and his son, is deemed sufficient to sustain the verdict of the jury.

Bills of Exception Nos. 1 and 2 relate to the same subject matter and therefore will be considered and disposed of together. The bills show that after the witness W. S. Rexrode and his son Jewel had identified the appellant by his voice as one of the men who robbed them, the appellant made a motion that he and three or four other persons be placed in an adjoining room to the court room; that the witnesses be placed in such proximity to the room that they could hear the voices of said four parties talk in order to determine whether the witnesses could pick out appellant by his voice; to test the accuracy of their memory and their ability to distinguish voices which they had only heard once or twice before. Such experiments might have been proper had appellant resorted to it before the trial began,

and then tendered proof of the conditions under which it was made and the result as was done in the case of Mack v. State of Florida, 44 So. 706, L. R. A. (N. S.) Vol. 13, p. 373, but it was not permissible to make such demonstration during the progress of the trial.

Bills of Exception Nos. 3 and 4 fail to disclose any merit.

Bill of Exception No. 5 reflects the following occurrence: The State proved by Jewel Rexrode, one of the victims, that he knew Price Clements when he lived at Sterley, where he owned a grocery store and filling station; that on a number of occasions he traded with Clements up to the time he left Sterley in December, 1934; that about the middle of the month of June, 1934 (something like seven months prior to the time of the alleged robbery), he purchased some merchandise; that he pulled a roll of bills out of his pocket to pay for the goods he had purchased, among the bills being one fifty-dollar, two twenty-dollar and three or four ten-dollar bills. To all of this testimony appellant objected because it was not shown that appellant was present; that said fact had been communicated to him and that it had not been shown that a conspiracy existed between appellant and Clements. The objection was overruled and the testimony was admitted. That the robbers had determined to rob the Rexrodes is clearly demonstrated by the fact that the telephone wire of Rexrode's telephone was cut; that the robbers secreted themselves in the weeds near the gate leading into Rexrode's premises; that when he and his family returned from church they were robbed. From all of the facts in the case the jury were authorized to draw the inference that Clements had informed appellant that he (Clements) had theretofore seen Jewel Rexrode with a roll of money. The testimony may be somewhat remote, yet it was a circumstance to be weighed and considered by the jury for what it was worth. The objection went to the weight rather than to its admissibility.

The judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that we were in error in holding admissible the testimony showing that

about seven months prior to the robbery, Jewel Rexrode, while in the store of Price Clements, exhibited to Clements a roll of money in bills, as complained of in Bill of Exception No. 5. The objection to this testimony was that it was remote, hearsay, and that no conspiracy was shown as would authorize the proof. In addition to the facts set forth in the original opinion, the following are shown:

Appellant and Merle Brandt were identified as the actual robbers. Jewel Rexrode was one of the parties robbed. Clements and Brandt were together early in the afternoon preceding the robbery. The appellant was looking for and inquiring for them. About dusk on the same afternoon the appellant, Clements, Brandt and Vaughn were seen to leave Plainview in an automobile. The robbery occured in Floyd County about 9:30 o'clock that night. While the robbery was being perpetrated, an automobile was stationed a distance of about 178 yards up the road. After the robbery, appellant and Brandt started toward that car and, before reaching it, the motor thereof was heard to start, indicating that another or others were in the car all the while. The robbers got into the car and made their escape.

These facts tended to show that Clements was present at the scene of and participated as a principal in the commission of the robbery, which being true, rendered the testimony objected to admissible under the rule that, where parties are guilty of acting together in the commission of a crime and are present at its commission, evidence tending to show intent and knowledge of one of such party is admissible against the others without regard to other testimony as to a conspiracy. See Cox and others v. State, 8 Texas App., 303; White v. State, 60 Texas Crim. Rep., 559; Flatt v. State, 36 S. W. (2d) 518; Bannister v. State, 15 S. W. (2d) 629.

It was also shown that during the time Clements operated the store and from time to time until he retired from business, about a month prior to the crime, Jewel Rexrode, was a customer making purchases at the store and of Clements, each time paying for his purchase in cash. Proof of such facts was admitted without objection, and was to the same effect as that to which appellant objected and of which he here complains. This deprives appellant of all right to make the objection under consideration. See Graham v. State, 69 S. W. (2d) 73; Countee v. State, 44 S. W. (2d) 994; Montgomery v. State, 31 S. W. (2d) 440.

Believing that the case was correctly disposed of on the original hearing, the motion for rehearing is overruled.

*Overruled.*