[Civ. No. 14150. Second Dist., Div. One. Jan. 13, 1944.]

STANLEY GRIER, Appellant, v. JOE FERRANT et al., Respondents.

Paul J. Quigley for Appellant.

Reginald I. Bauder for Respondents.

WHITE, J.—Plaintiff instituted this action to recover damages for personal injuries allegedly sustained by reason of the negligence and carelessness of defendant Joe Ferrant, his agents, servants and employees. Also joined as a defendant was American Fidelity and Casualty Co., Inc., a corporation, the insurer of defendant Ferrant, who was doing business as Yellow Cab Company in the city of Burbank, Los Angeles County. The liability of such corporate defendant was predicated upon the issuance by it of a policy of insurance to defendant Ferrant pursuant to an ordinance of the city of Burbank. Following the filing of an amended complaint, the defendants each interposed a general and special demurrer thereto, which were sustained by the court

without leave to amend. From the judgment of dismissal entered pursuant to the order sustaining both demurrers, plaintiff prosecutes this appeal.

Two counts are contained in the amended complaint, the first of which alleges that in connection with the operation of his taxicab business defendant Ferrant maintained an office and waiting room for the convenience of taxicab patrons; that directly in front of said taxicab office and at the west curb of Olive Street, the city of Burbank had designated a space for the exclusive use of defendant Ferrant in loading and discharging passengers for hire. That during the times mentioned in the amended complaint the space just referred to was vacant and unoccupied by any vehicle. It is then alleged that at the time mentioned and for many years prior thereto plaintiff was afflicted with a physical disability known as neuro-muscular dystrophy, as a result of which he was unsteady in his walk and could only walk a few feet at a time; that plaintiff's condition was obvious, apparent and known to defendant Ferrant and his agents. It is then set forth that on April 3, 1942, at about 11:45 o'clock p.m., plaintiff entered the office and waiting room of defendant Joe Ferrant, requested that he be conveyed in one of defendant's taxicabs to his home located in the city of Burbank. That at said time and place "defendant John Doe, as the agent, servant and employee of defendant Joe Ferrant, doing business as Yellow Cab Company, and acting in the course and scope of his employment, accepted plaintiff as a passenger for hire and directed the defendant John Doe I to conduct plaintiff from said taxicab waiting room to defendant's taxicab." It is then set forth in the amended complaint that while being conducted by defendant's employee to said taxicab and while walking on a down-grade, wet and slippery sidewalk, to reach said taxicab, the plaintiff fell, thereby sustaining the injuries which gave rise to this action. After charging that the injury and damage to plaintiff was the sole and proximate result of the negligence and carelessness of the defendants, it is alleged that such negligence and carelessness arose from the fact that the defendants failed to provide plaintiff with a taxicab at the place set apart by the city of Burbank as a taxicab stand directly in front of defendant's office and waiting room; that the defendants required plaintiff to walk a distance of some 150 feet or more to a taxicab in order to obtain transportation to his home. That the defendants notwithstanding they

had full knowledge of the physical incapacity and limitations of the plaintiff as above set forth, required him to walk a distance of some 150 feet or more to obtain access to the taxicab. That notwithstanding defendants' knowledge of plaintiff's physical disability, defendants failed and neglected to "aid, assist or support the plaintiff in walking to said taxicab upon a down-grade, wet and slippery sidewalk."

The second cause of action was directed against defendant insurance company alone, and by it plaintiff alleged that pursuant to an ordinance which is set forth in the amended complaint only by reference to its number and date of adoption, and which was allegedly in full force and effect at the time of the accident here in question, defendant insurance company had issued a policy of insurance conditioned that defendant Ferrant "shall pay all loss by reason of injury or damage that may result to persons or property from the negligent operation of such taxicabs or for violations of any of the provisions of this ordinance or the laws of the state of California." It is then alleged that pursuant to the terms of such ordinance it was provided in such policy that the same "shall run to the city of Burbank and shall inure by its terms to the benefit of any and all persons suffering loss or damage covered thereunder."

Respondents concede that since the appeal is one from a judgment following the sustaining of a demurrer without leave to amend they cannot rely for an affirmance of the judgment on the grounds specified in the special demurrer for the reason, as stated by respondent "It is conceded that it would constitute an abuse of discretion—at least at a stage as early as the first amended complaint—to refuse a party leave to amend defects in a complaint which are the subject of special demurrer only." In their efforts to secure an affirmance of the judgment respondents rely exclusively on the proposition that the amended complaint fails to state a cause of action against either defendant.

The initial question presented for determination is whether under the allegations of the amended complaint the relationship of carrier and passenger was established and existed between the plaintiff and defendant Joe Ferrant. This relationship is created when one offers to become a passenger, and is accepted as a passenger after he has placed himself under the control of the carrier. Ordinarily, the existence of such relationship is established through circumstances which

warrant an implication that the one has offered himself to be transported on a trip about to be made and such offer has been accepted by the other (10 Am.Jur. 27, sec. 955).

That a passenger should have actually entered the vehicle is not a necessary prerequisite to the establishment of the relation of carrier and passenger. Such relationship is established when a person who intends in good faith to become a passenger goes to a depot, waiting room or other place designated as the site of departure, and by some action taken by the carrier, the latter indicates acceptance of the passenger as a traveler (*Sanchez* v. *Pacific Auto Stages,* 116 Cal.App. 392, 396 [2 P.2d 845]). In the case just cited it is also held that if a carrier assumes the responsibility of conducting a person, who has become a passenger, to the point of departure of the transporting vehicle, then the relation of passenger and carrier exists during such period. We are persuaded that the allegations of the amended complaint present a situation wherein the plaintiff, acting in good faith, offered himself as a passenger and defendant Joe Ferrant, the carrier, accepted plaintiff as such passenger and undertook to escort and conduct him to the point where defendant's taxicab was waiting. The amended complaint charges that notwithstanding plaintiff's physical infirmities, which were allegedly apparent from observation and known to defendant Ferrant, the latter, instead of moving his taxicab into the space reserved therefor directly in front of the waiting room, chose to conduct plaintiff from such waiting room along a down-grade city sidewalk which had become wet and slippery by reason of falling rain, to a point some 150 feet away from the taxicab office and waiting room, without rendering to plaintiff such assistance as would appear to a reasonably prudent and careful person, as reasonably necessary for the safe conduct of one in plaintiff's apparent and known physical condition. While it is true the amended complaint does not allege that plaintiff had purchased a ticket or given any good or valuable consideration to the carrier, that fact of itself is not determinative of the existence of the relationship of carrier and passenger. It is common knowledge that taxicab fares cannot be computed and therefore are not collected until the termination of the trip or journey. Neither do we think the instant case is comparable to the factual situation existing in *Northrup* v. *Pacific Electric Ry. Co.,* 8 Cal.App.

2d 189 [47 P.2d 365]; *Choquette* v. *Key System etc. Co.*, 118 Cal.App. 643 [5 P.2d 921], and other cases cited by respondents, all of which have to do with the duty of street car companies toward persons who are waiting to board a street car or have alighted from the same, or are injured prior to boarding the car or while walking away from the car after alighting therefrom. In none of the cited cases did any agent of the carrier undertake to escort or conduct the passenger to or from the street car. In other words, the factual conditions prevailing in such cases were not such as to warrant the implication that at the time of the injury the relationship of carrier and passenger actually existed. ■ We find no merit in defendant's contention that the amended complaint by alleging that the plaintiff fell on the down-grade of a wet and slippery sidewalk "clearly shows that plaintiff's accident was due to an intervening proximate cause." If the amended complaint, as we have held it did, stated sufficient facts to establish the implication that the relationship of carrier and passenger existed between plaintiff and defendant Ferrant, then the pleading was immune from a general demurrer. As to Count I, the general demurrer of defendant Joe Ferrant should have been overruled.

■ Insofar as Count I is concerned, we are constrained to hold that the demurrer of defendant insurance company was properly sustained. Clearly the insurance company did not participate in the actual operation of the taxicab business and such participation therein is not alleged in the amended complaint. Without in any way connecting the insurance company with the activities of its co-defendant, Count I of the amended complaint charges that plaintiff's injuries were occasioned by the negligence and carelessness of both defendants. Manifestly, the facts as alleged in Count I fail to show any actionable negligence on the part of defendant insurance company.

Coming now to a consideration of Count II, which is directed against defendant insurance company alone, we find it is predicated solely upon the latter's claimed public liability under its policy of insurance by reason of the happening of the accident. Neither the insurance policy in question nor the ordinance pursuant to which it was issued is set out with particularity in the amended complaint. Assuming, as respondent insurance company does in its brief, that the

policy complied in its language or wording with the provisions of the city ordinance, the amended complaint reveals that the ordinance and the policy provided for (a) before any permit can be issued to operate cabs the owner must file, and keep in full force and effect, a policy of insurance; (b) the policy of insurance must be approved by the city council; (c) the policy must be with a solvent and responsible company authorized to do business in the State of California; (d) it must be in the sum of $20,000 and must contain a condition that the taxicab operator shall pay all losses resulting from the negligent operation of the taxicabs; (e) recovery in each instance is limited to $10,000 for the injury or death of one person; (f) the policy runs to the city of Burbank and inures by its terms to the benefit of all persons suffering loss or damage thereunder.

Respondent insurance company asserts that the demurrer was properly sustained as to Count II for the reason that the provisions of the Burbank city ordinance do not authorize the joinder of an insurer with the insured in an action for personal injuries.

Section 379a of the Code of Civil Procedure provides that "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgments may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

We are not in accord with respondents' contention that section 427 of the Code of Civil Procedure prohibits a joinder of these two causes of action because one sounds in tort and the other in contract. The cited section specifically provides that several causes of action may be united in the same complaint where they arise "out of the same transaction or transactions connected with the same subject of the action ..."; and also that more than one cause of action may be united in the same complaint where they all arise out of "injuries to person." Whatever liability was incurred by respondent insurance company under its contract of insurance arose out of the tort action, instituted to recover for personal injuries allegedly sustained by plaintiff. It was the injuries to plaintiff's person that gave rise to the liability and obligation, if any, of respondent insurance company.

While conceding that a municipality has the right

within reasonable limits to prescribe the nature of the security to be given by those operating vehicles for hire upon its public streets (*Kruger* v. *California Highway Indemnity Exchange,* 201 Cal. 672, 682 [258 P. 602]), respondent insurance company nevertheless insists that though it be held that it was familiar with the terms of said ordinance and expressly contracted in reference thereto, that there is no provision in such ordinance which in any way binds the insurer or permits of its joinder as a defendant in a lawsuit arising out of personal injuries occasioned through the alleged negligence of the insured, unless and until a judgment has been obtained against the insured and the latter fails, neglects or refuses to satisfy such judgment. Contrary to respondents' claim in this regard, we are persuaded that it is firmly established in our law that under provisions such as are contained in the municipal ordinance now under consideration, plaintiff was authorized to join respondent insurance company as a party defendant with its insured (*Milliron* v. *Dittman,* 180 Cal. 443 [181 P. 779]; *Kruger* v. *California Highway Indemnity Exchange, supra*).

It is conceded that the amended complaint alleges that the policy of insurance with which we are here concerned shall, pursuant to the terms of the ordinance, "inure by its terms to the benefit of any and all persons suffering loss or damage covered thereunder." The cases we have cited establish as the law that the insurance carrier may be joined as a party defendant whenever the policy itself or the municipal ordinance, in compliance with which the policy is issued, provides that the policy should inure to the benefit of the public (*Fraher* v. *Eisenmann,* 94 Cal.App. 48, 51, 52 [270 P. 704], and cases therein cited).

In view of the fact that the amended complaint herein alleged that the municipal ordinance under which the policy was issued prescribed that the same inured to the benefit of the public, the instant case comes squarely within the rule announced in the cases just cited and respondent insurance company's demurrer to the second cause of action should not have been sustained without leave to amend, upon the ground that a cause of action was not therein stated.

Respondent insurance company's claim that any provisions of the municipal ordinance permitting, either expressly or by implication, the joinder of the insurance company

with the taxicab company in a suit for personal injuries, is invalid and in conflict with section 11580 of the Insurance Code of California, is without merit. Regulation by ordinance of the business of operating taxicabs upon the streets of a municipality is strictly a municipal affair, the regulation of which by municipalities is expressly authorized by section 11, article XI of the Constitution of this state. True, such regulations may not contravene or conflict with general laws of the state, but we view section 11580 of the Insurance Code as declarative only of the minimum provisions which must be embodied in public liability insurance policies, and not as restrictive of the right of an insurance company to assume by its contract, liability for more than the minimum responsibility prescribed by the statute.

For the foregoing reasons the judgment is reversed with directions to the court below to overrule the demurrer of defendant Joe Ferrant as to Count I and also to overrule the demurrer of defendant insurance company as to Count II. Appellant to recover costs on appeal.

York, P. J., concurred.

Doran, J., dissented.

Respondents' petition for a hearing by the Supreme Court was denied March 6, 1944. Edmonds, J., Traynor, J., and Schauer, J., voted for a hearing.