[Civ. No. 16479. Second Dist., Div. Two. Dec. 2, 1948.]

JOHN J. CONNELL, Respondent, v. HENRY CLARK et al., Appellants.

William K. Young for Appellant Clark.

Syril S. Tipton and Patrick H. Ford for Appellant Colonial Insurance Company.

Marvin Wellins and Don L. Gilman for Respondent.

WILSON, J.—This appeal is from a judgment awarding plaintiff damages for an assault and battery which he suffered

at the hands of the driver of a taxicab operated by defendant Clark, aided by a sailor who was riding in the front seat with the driver.

As grounds for reversal defendants contend (1) that the complaint fails to state a cause of action; (2) that the evidence is insufficient to support the verdict; (3) that certain of the jury instructions were prejudicially erroneous; defendant Colonial Insurance Company asserts an additional defense in its behalf that it is not liable by reason of the limitations in its insurance policy.

1. *The Complaint.* Defendants maintain that the complaint fails to state a cause of action for assault and battery because it does not allege (1) that defendants had any direct connection with the assault by the taxi driver and the sailor, (2) that the taxi driver or the sailor committed the assault as agents, servants or employees of defendant Clark or (3) that the driver was at all times mentioned in the complaint acting within the scope or course of his employment.

There is no merit in defendants' contentions. It is admitted that at the time of the occurrence involved in this action defendant Henry Clark was a licensed taxicab operator and was the owner of and doing business as the Garden Cab Company. The complaint alleges that plaintiff telephoned the place of business of the Garden Cab Company and ordered a cab; that the man who answered the telephone said a cab would be sent; that a few minutes thereafter a cab bearing the words "Garden Cab Company" arrived at the place to which the cab had been ordered; that plaintiff entered the cab and ordered the driver to take him to plaintiff's residence; that plaintiff was accepted as a passenger for hire by the driver acting within the course and scope of his employment as the agent, servant or employee of defendant Clark; that while riding as a passenger for hire and during the course of the ride plaintiff was assaulted and beaten by the driver and a sailor who accompanied the driver and that plaintiff suffered damages.

It is not essential that plaintiff allege that defendants had any direct connection with the assault or that the driver and the sailor committed the assault as agents of defendants. If the assault takes place in the course of the agent's employment, the principal is liable (*Carr* v. *Wm. C. Crowell Co.,* 28 Cal.2d 652, 654-5 [171 P.2d 5]; *Hiroshima* v. *Pacific Gas & Elec. Co.,* 18 Cal.App.2d 24, 31-32 [63 P.2d 340]) and it is immaterial whether the assault was authorized by the

defendants if it was committed by the driver in the course of his employment. (*Carr* v. *Wm. C. Crowell Co., supra*; *Ruppe* v. *City of Los Angeles,* 186 Cal. 400, 402 [199 P. 496] ; *Stansell* v. *Safeway Stores, Inc.,* 44 Cal.App.2d 822, 823 [113 P.2d 264].)

▌ The allegation that plaintiff was accepted as a passenger for hire by the driver acting within the course and scope of his employment as the agent, servant or employee of the defendant Clark is sufficient without alleging that at the time of the injuries the driver and the sailor were acting for defendant Clark, the taxi owner.

▌ The complaint also sufficiently states a cause of action against defendant Colonial Insurance Company since it alleges that the policy of insurance issued by the company and insuring defendant Clark against loss or damage was issued pursuant to the provisions of an ordinance of the county of Los Angeles which provides in part that ''The undertaking required before a taxicab operator's license can be issued shall be conditioned that the taxicab operator shall pay all damages to person or property, for the payment of which he may become liable arising out of the conduct of the business of taxicab operator, and that any person having such a cause of action against the principal may join the surety as a party defendant or in his own name sue separately the surety on such undertaking.'' ▌ An insurance carrier may be joined as a party defendant whenever the policy itself, or the municipal ordinance in compliance with which it is issued, provides that the policy shall inure to the benefit of the public. (*Grier* v. *Ferrant,* 62 Cal.App.2d 306, 314 [144 P.2d 631] ; *Milliron* v. *Dittman,* 180 Cal. 443, 445, 446 [181 P. 779].)

2. *Sufficiency of the Evidence.* Defendants contend that the evidence is insufficient to support the verdict; that there was no substantial evidence to identify the assailants or to establish that those who beat plaintiff were acting in the course of employment by defendants; that there was no identification by plaintiff of the cab driver except by his voice.

▌ Plaintiff testified that in the evening on which the alleged assault occurred he called at Eurick's service station, which is located at the corner of Eagle and Atlantic Boulevards in Montebello, in connection with repairs on his car; that about 8 :15 p.m. he called the Garden Cab Company from a public telephone in the service station and requested a cab; that the first words spoken by the person answering the

telephone were "Garden Cab Company" and that plaintiff was informed they would have a cab there in a very few minutes; that about five minutes later a cab with the words "Garden Cab Company" printed on the doors drove up and the driver asked plaintiff if he had called for a cab; that plaintiff replied that he had and gave the driver his home address and directions to that address; that a sailor was seated in the front of the cab with the driver; that the driver passed by the street leading to plaintiff's house and plaintiff called attention to the fact whereupon the driver slowed down and asked if plaintiff was trying to get a free ride; that plaintiff replied he was not trying to get a free ride; that he reached in his pocket, took out his money and showed it to the driver; that the driver drove on and finally stopped the cab in a neighborhood where there were no buildings or street lights; that the driver got out of the cab, opened the rear right door and ordered plaintiff to get out and then reached in the cab and dragged him out; that he struck plaintiff on the jaw, knocked out his artificial teeth, struck him across the nose, on the eyes and on the back of the head; that he kicked him in the back and stomach and knocked him unconscious; that the sailor who had been seated with the driver joined in the assault and battery; that when plaintiff regained consciousness the taxi, the sailor and the driver were gone, together with plaintiff's money in the sum of $65. Plaintiff identified Milton Bryant as the driver of the cab solely by his voice.

Rex McCormick, the dispatcher for the Garden Cab Company, in response to a question whether he received a call from any area at or near Atlantic and Eagle Boulevards, testified he received a call from Roberts Ranch Market at about 8 or 8 :15 on the night in question; that he gave the call slip to driver Milton Bryant, who about 20 minutes later returned the slip and stated he could not pick up the person at Roberts Market because he did not have room for him; that he did not give the call to any other driver.

Bryant testified that he was on duty on that night from 6 p. m. to 6 a. m. the following day; that he had a pickup ticket for Roberts Market but that he had a full load and therefore drove back to the office and handed the ticket to the dispatcher and told him he had a load and could not make the pickup at Roberts Market. Bryant further testified that he never had a friend, a sailor, riding with him; that Roberts Market is about half a block from Eurick's; that he did not pick up or have a man in his car between 8 and 8 :30

of that evening; that he had never carried plaintiff in his cab; that he returned to the cab office about 8:15 after delivering the five passengers he had had in his cab and at the time when he returned to tell the dispatcher he could not make the pickup at Roberts Market.

The evidence, while conflicting, is sufficient to support the verdict. ██ The jury having chosen to believe the evidence of plaintiff and his witnesses and to disbelieve that of defendants and their witnesses, their determination will not be disturbed on appeal. Where there is a conflict in the evidence the verdict cannot be disturbed as being contrary to the evidence. (*Caraveo* v. *Pickwick Stages System,* 113 Cal.App. 443, 448 [298 P. 516]; *Harrington* v. *Freddi,* 133 Cal.App. 96, 98 [23 P.2d 525].)

██ With respect to the identification of Bryant as the driver of the cab being solely by his voice, the law regards the sense of hearing as reliable as that of any other of the five senses. (*Bowlin* v. *Commonwealth,* 195 Ky. 600 [242 S.W. 604, 607].) ██ It is universally recognized that the voice, as well as the physical appearance of a person, is a means by which identification is made possible, there being no more similarity in the voices of different people than there is in their physical appearance. A definite impression of the one is made upon the mind through the medium of the sense of hearing, while the impression of the other is made on the mind through the sense of sight. Therefore testimony relating to the identity of the voice is competent, its probative value being a question of fact for the jury. (*Bland* v. *State,* 129 Tex.Cr. 553 [89 S.W.2d 996, 997].) ██ Voice is a competent means of identification and a person may be identified by such means alone. (*State* v. *Karas,* 43 Utah 506 [136 P. 788, 790].)

3. *Alleged Errors in Instructions.* Defendants maintain that the following instructions were erroneous: (1) "It is established that Milton Bryant, who was operating the cab, involved in the accident in question, was acting as agent for the defendant Henry Clark, and within the scope of his authority, at the time of the events out of which the incident occurred. Therefore, the acts and omissions of that agent were, in contemplation of law, the acts and omissions, respectively, of his principal, the defendant Henry Clark." (2) "You are therefore instructed that if you find the facts to be that the defendant, Henry Clark, doing business as Garden Cab Company and receiving calls for cabs at the

948·

main office of that company and dispatching cabs of characteristic colors and bearing the words clearly printed thereon, 'Garden Cab Company,' so conducted himself that third persons, members of the general public, including plaintiff, were reasonably led to believe that the cabs were the cabs of the Garden Cab Company, and that the drivers were the employees of the Garden Cab Company, and if you further find that the plaintiff so believed and if you find that the plaintiff became a passenger for hire in a cab of which the Garden Cab Company was the registered owner, in reliance on such belief, then and in that event you are instructed that the defendants herein are liable.''

The first instruction was erroneous and prejudicial since, by instructing the jury that *it was established* that Bryant was operating the cab in question, the court withdrew the issue of agency from the jury and this was one of the questions which they were required to decide. Plaintiff maintains that the instruction was consistent with the undisputed testimony that Bryant was employed as a cab driver by defendant Clark on the night in question and that he worked from 6 p. m. until 6 a. m. the following day as a cab driver in one of the cabs of defendant Clark. However, the evidence is in conflict as to whether Bryant operated the cab in which plaintiff was a passenger. Bryant denied he was operating the cab, denied he had ever carried plaintiff as a passenger, denied he had a sailor riding with him and denied he had assaulted plaintiff. Whether Bryant (1) was the driver of the cab involved in the incident which is the subject of this action, (2) was acting as agent for the defendant Clark and (3) within the scope of his employment were questions for the jury to decide. The instruction (1) that it was established that Bryant was operating the cab, (2) that he was acting as agent for defendant Henry Clark and (3) within the scope of his authority at the time of the events out of which the incident occurred took those issues from their consideration. Instructions which assume facts that are controverted in the case constitute reversible error. (*Scandalis* v. *Jenny,* 132 Cal.App. 307, 314 [22 P.2d 545]; *Cahoon* v. *Marshall,* 25 Cal. 197, 202.) Instructions that assume as facts matters which are in issue and as to which there is a conflict in evidence are erroneous. (*Gibson* v. *Kennedy Extension Gold Mining Co.,* 172 Cal. 294, 304 [156 P. 56]; *Clarke* v. *Volpa Brothers,* 51 Cal.App.2d 173, 179 [124 P.2d 377].)

■ Plaintiff maintains that any error in the instruction is cured by the succeeding instructions since in viewing them together it is clear that the determination of who committed the assault was left to the jury as well as the status of the person committing the assault and whether or not plaintiff was a passenger for hire in one of the cabs owned by defendant Clark. These instructions read as follows: (A) "You cannot guess or speculate as to the identity of the cab driver or the identity of the cab involved in this incident, and the burden is on the plaintiff to establish by a preponderance of the evidence that the driver and the cab involved were at the time of the alleged assault in the course of the operation of the taxicab business of Henry Clark, doing business as Garden Cab Company." (B) "You are instructed that you cannot guess or speculate as to how, in what manner or by whom the plaintiff was assaulted, but must be guided in your determination by the evidence before you and the mere fact that the plaintiff received some injuries if any that you may find were sustained in an assault is in itself no evidence that the assault was committed by an employee of Henry Clark, doing business as the Garden Cab Company." (C) "If in these instructions, any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me, and none must be inferred by you. For that reason, you are not to single out any certain sentence, or any individual point or instruction, and ignore the others, but you are to consider all the instructions and as a whole, and to regard each in the light of all the others."

The instructions (A), (B) and (C) do not cure the error. While, as contended by plaintiff, instructions must be considered in their entirety, each in connection with all the others (*Shapiro* v. *Equitable Life Assur. Soc.*, 76 Cal.App.2d 75, 95, 96 [172 P.2d 725]), instructions (A) and (B) are in direct conflict with instruction (1). If the jury followed the one they could not then follow the other.

■ Defendants contend that the second instruction objected to is wholly misleading and they particularly complain of the closing sentence which in effect tells the jury that if one defendant is liable, both defendants are liable. The instruction is not misleading insofar as defendant Clark is concerned when read with those immediately preceding it, to which there is no objection on the part of defendants, since in those instructions the court instructed the jury on the law of ostensible agency and the liability of a principal for the wrongful acts of an ostensible agent. However, since defend-

ant Colonial Insurance Company alleged and submitted proof of defenses which were not available to defendant Clark, the instruction should have been restricted to him and the inclusion therein of both defendants was error. The erroneous instructions require a reversal of the judgment.

4. *Liability of defendant Colonial Insurance Company.* Defendant insurance company contends that even though it be determined that defendant Clark is liable, it is free from liability both under the ordinance pursuant to which its policy was issued and under the policy itself which, it maintains, is limited. In view of the fact that this case will no doubt be retried, it is proper that this issue be decided.

Section 121 of the ordinance in question reads as follows: "The policy of insurance required before a taxicab operator's license can be issued shall insure the public against any loss or damage that may result to any person or property from the operation of any taxicab used by the taxicab operator in his business as such . . ." The provisions of the ordinance become a part of the insurance policy to the same extent as though the ordinance were incorporated in the policy. (*Malachowski* v. *Varro*, 76 Cal.App. 207, 213 [244 P. 936].) The contention of the insurance company that the ordinance has reference only to injuries resulting from traffic accidents is fallacious. While it may be true that the most common loss or damage resulting from the operation of a taxicab is that occasioned by traffic accidents, the ordinance specifically requires insurance against any loss or damage that may result from the operation of any taxicab. That the damage in question resulted from the operation of a taxicab is too patent to be susceptible to argument. Plaintiff was a passenger for hire and did not cease to be one when he was dragged out of the cab by the driver.

The insurance company maintains that its policy is limited to negligent and accidental injuries and that injuries which are incurred after the passenger has alighted as well as injuries caused by riots are specifically excluded. Since the evidence shows that the only reason plaintiff had alighted was because the driver had forcibly taken him out of the cab, and this obviously for the convenience of the driver, this contention is not worthy of serious consideration.

 The theory advanced by defendant insurance company that the assault and battery by the joint actions of the driver and the sailor constituted a riot is both novel and quixotic. It is not persuasive. The insurance company con-

tends: "In this state, a riot is defined to include any joint action by *two* or more persons, without authority of law, using 'force or violence'" and cites Penal Code, section 404. That section reads as follows: "Any use of force or violence, disturbing the public peace, or any threat to use such force or violence, if accompanied by immediate power of execution, by two or more persons acting together, and without authority of law, is a riot." It is not surprising, as stated by the insurance company, that "no exact precedent as to the term 'riot' with reference to an analogous factual situation has been found." To hold that an assault and battery by two persons in a lonely spot where there were no buildings nor even a stray passerby could possibly be such a use of force and violence disturbing the public peace as would constitute a riot would be bordering on the fantastic.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.